UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KARINA TELLO,

      **Plaintiff,**

v.                                                      No. 2:21-cv-00724-CG-GBW

PETER HONIGMAN, in his individual capa-
city and as Sergeant of the Lovington Police
Department; CITY OF LOVINGTON, a Muni-
cipal Corporation; JAMES R. WILLIAMS, in
his official capacity as City Manager; and
DAVID RODRIGUEZ, in his official capacity
as Police Chief, City of Lovington,

      **Defendants.**

**DEFENDANTS' PARTIAL MOTION TO DISMISS
THE FIRST, SECOND, THIRD, FOURTH, FIFTH AND SEVENTH CAUSES OF
ACTION OF PLAINTIFF'S AMENDED COMPLAINT**

**COME NOW** Defendants, by and through their counsel of record, Atwood, Malone, Turner & Sabin, P.A. (by Bryan Evans and Renee Gantert) and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move the Court for an order dismissing, with prejudice, some or all of the first, second, third, fourth, fifth and seventh causes of action stated in Plaintiff's Amended Complaint. As grounds therefor, Defendants state:

**I.**

**BACKGROUND**

Plaintiff initiated this lawsuit on December 7, 2020. *See Complaint, attached hereto as Exhibit 1*. Defendants removed the case to this Court on August 3, 2021, after the state court

1

granted Plaintiff leave to file an Amended Complaint that asserted, for the first time, a claim that Plaintiff had been unreasonably searched and seized in violation of her U.S. Constitutional rights. *See Amended Complaint, filed herein, along with Defendants' Notice of Removal [Doc. 1].* Plaintiff's Amended Complaint, like the original, purports to state a claim for false imprisonment based on her allegation that Defendant Honigmann refiled a criminal complaint against her after the District Attorney's Office had dismissed the charges set forth therein. *See Amended Complaint, Second Cause of Action, ¶ 43.* Plaintiff's Amended Complaint also states claims against Defendant Honigmann that are not within any waiver of immunity set forth in the New Mexico Tort Claims Act. As set forth in further detail below, Plaintiff's False Imprisonment and Unreasonable Search and Seizure claims should be dismissed to the extent they are based on Defendant Honigmann's alleged refiling of the Criminal Complaint. Plaintiff's claims for negligence and intentional infliction of emotional distress should also be dismissed, as the New Mexico Tort Claims Act does not waive Defendant Honigmann's immunity for these claims.

As for Defendants City of Lovington, City Manager James Williams and Chief of Police David Rodriguez, Plaintiff's only claim against them is that they negligently hired Defendant Honigmann and "failed in adequately training and supervising their employee." *Amended Complaint, Third Cause of Action, ¶ 48.* As set forth below, Plaintiff does not state any actual facts to support this claim and thus has failed to state a plausible negligent hiring, training and supervision claim against these Defendants. Additionally, because Plaintiff brings this claim against City Manager Williams and Chief Rodriguez in their official capacity only, the claim is redundant of her claim against the City and should also be dismissed for that reason. [1]

---

[1] While this Motion addresses each "Cause of Action" set forth in Plaintiff's Amended Complaint, it should be noted that there are three claims Defendants are not challenging at this stage: 1) Plaintiff's malicious abuse of process claim to the extent it is based on the refiling of the criminal complaint; 2) Plaintiff's false imprisonment claim to the extent it is based on her initial arrest; and 3) Plaintiff's unreasonable search and seizure claim under the

## II.

## STANDARD OF REVIEW

To overcome a motion to dismiss, the complaint must allege sufficient facts so that relief is plausible on its face. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). In considering Defendants' Motion, the Court must assume as true all well-pleaded facts and must draw all reasonable inferences in Plaintiff's favor. *See Park Univ. Enters., Inc. v. Am. Cas. Co.,* 442 F.3d 1239, 1244 (10th Cir. 2006). To survive a motion to dismiss, Plaintiff's Complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937 (2009). As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007). Conclusory allegations are not "well-pleaded," and thus are not taken as true for purposes of a motion to dismiss. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Twombly* specifically warned against "wholly conclusory statement[s]," *Id.* at 1966-67. As the Tenth Circuit explained, "[t]his requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." 519 F.3d at 1248.

---

United States Constitution to the extent it is based on her initial arrest and any search performed by Defendant Honigmann in connection with that arrest.

III.

ARGUMENT AND AUTHORITIES

**A. Plaintiff's Malicious Abuse of Process Claim Fails to the Extent it is Based Solely on Her Arrest**

For her first cause of action, Plaintiff purports to state two counts of the tort of malicious abuse of process. Based on her Amended Complaint, it appears the first count is based solely on Defendant Honigmann's arrest of Plaintiff after responding to a domestic violence call at Plaintiff's house. *See Amended Complaint, ¶¶ 12-13, 15, 32.* To the extent this count is based solely on her arrest, as opposed to the initiation of charges against her, Plaintiff's malicious abuse of process claim fails. First, a warrantless arrest is not enough to satisfy the first element of a malicious abuse of process claim. This element requires Plaintiff to show that Honigmann engaged in a "use of process *in a judicial proceeding* that would be improper in the regular prosecution or defense of a claim or charge." *Durham v. Guest,* 2009-NMSC-007, ¶ 29, 145 N.M. 694, 701, 204 P.3d 19, 26. A warrantless arrest does not involve the use of process in a judicial proceeding. The appropriate tort for challenging such action is the tort of false imprisonment—a claim Plaintiff pleads for her second cause of action, and that Defendant Honigmann challenges only to the extent it is based on his alleged refiling of a criminal complaint against Plaintiff. *See Following Section*; *see also Durham,* 2009-NMSC-007, ¶ 29 (emphasizing that the tort of malicious abuse of process should be construed narrowly). To the extent it is based solely on Sergeant Honigmann's arrest of Plaintiff, Plaintiff's first count of the tort of malicious abuse of process should be dismissed.

**B. To The Extent it is Based on Defendant Honigmann's Alleged Refiling of the Criminal Complaint, Plaintiff's False Imprisonment Claim Fails Because Plaintiff Was Not Imprisoned or otherwise Seized as a Result of the Refiling of the Criminal Complaint**

Plaintiff's second cause of action asserts a claim for "false imprisonment" that is apparently

4

based in part on Defendant Honigmann's "refiling of the Criminal Complaint." *Amended Complaint, ¶ 43*. New Mexico law is clear that the tort of false imprisonment occurs only "when a person intentionally confines or restrains another person. . . ." *Santillo v. N.M. Dep't of Pub. Safety,* 2007-NMCA-159, ¶ 12, 143 N.M. 84, 88, 173 P.3d 6, 10.  It is clear from Plaintiff's own allegations that she was never "confined or restrained" as a result of the refiling of the Criminal Complaint.  According to Plaintiff's own Amended Complaint, the most that happened after the refiling of the charges was that Plaintiff received a criminal summons to appear in court. *Amended Complaint, ¶ 23*.  Plaintiff does not allege that she had to go to court because of the summons, much less that she was actually imprisoned or otherwise physically confined or restrained in any way as a result of the refiling of the Criminal Complaint.

To the extent Plaintiff purports to bring her false imprisonment claim as some sort of state constitutional claim, *see Amended Complaint, ¶ 43* (invoking the New Mexico Constitution), the claim still fails.  New Mexico's Constitution has never been interpreted to allow a claim that a seizure violated the New Mexico Constitution where nothing more than the issuance of a summons occurred.  New Mexico courts follow the test set forth in the United States Supreme Court's decision in *United States v. Mendenhall,* 446 U.S. 544 (1980);  *State v. Garcia,* 2009-NMSC-046, ¶ 37, 147 N.M. 134.  That is, "[A] person has been 'seized'. . . only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Mendenhall,* 446 U.S. at 554.  "The reasonable person would not feel free to leave when his or her freedom of movement is restrained. . . or when the facts show accosting and restraint." *Garcia,* 2009-NMSC-046, ¶ 37 (citing *Mendenhall,* 446 U.S. at 544 and *State v. Lopez,* 1989-NMCA-030, 109 N.M. 169).  "Possible indicators of a seizure are: 'the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of

the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.'" *Garcia,* 2009-NMSC-046, ¶ 39 (quoting *Lopez,* 1989-NMCA-030, ¶ 3 (quoting *Mendenhall,* 446 U.S. at 544)).

Although it appears New Mexico courts have not addressed the precise question of whether a criminal summons constitutes a seizure within the meaning of the state Constitution, several federal courts have rejected this argument in the context of the federal constitution. *Lewis v. Rock,* 48 Fed. Appx. 291, 294 (10th Cir. 2002) (plaintiffs were not seized where they failed to show "they sustained any other deprivations of liberty in connection with their receipt of summonses" even though one plaintiff had to attend two trials and the other had to make one, possibly two court appearances before the charge was dismissed); *Britton v. Maloney,* 196 F.3d 24, 29-30 (1st Cir. 1999) (rejected argument that a summons alone constituted a seizure, and holding that "[a]bsent any evidence that [plaintiff] was arrested, detained, restricted in his travel, or otherwise subject to a deprivation of his liberty before the charges against him were dismissed, the fact that he was given a date to appear in court is insufficient to establish a seizure within the meaning of the fourth Amendment"); *Dibella v. Borough of Beachwood,* 407 F.3d 599, 603 (3d Cir. 2005) (holding no seizure occurred where plaintiffs "were only issued a summons; they were never arrested; they never posted bail; they were free to travel; and they did not have to report to Pretrial Services"); *Bielanski v. Cty. of Kane,* 550 Fed 632, 642 (7th Cir. 2008) ("[A] summons alone does not equal a seizure for Fourth Amendment purposes. To hold otherwise would transform every traffic ticket and jury summons into a potential Section 1983 claim"); *Karam v. City of Burbank,* 325 F.3d 1188, 1194 (9th Cir. 2003) (rejecting argument that plaintiff was seized where she was not charged with a felony, not required to report to anyone, and all she had to do was show up for court appearances and obtain permission from the court if she wanted to leave the state). This view is

consistent with New Mexico's law on whether a seizure has occurred. There is no compelling reason to depart from it here. *State v. Gomez,* 1997-NMSC-006, ¶ 20 (describing the Court's approach to interpretation of the New Mexico Constitution as being "interstitial" and diverging from federal precedent only "where we have found the federal analysis unpersuasive either because we deem it flawed, . . . or because of distinctive state characteristics, . . . or because of undeveloped federal analogs.").

Because Plaintiff alleges only that she received a summons, and does not allege any accompanying restriction on her liberty that resulted from receiving that summons, she has not stated a claim that she was falsely imprisoned as a result of the refiling of the criminal Complaint. Her cause of action for false imprisonment, whether grounded in tort, the New Mexico Constitution, or both, fails to state a claim upon which relief can be granted, and should be dismissed with prejudice insofar as it is predicated on Defendant Honigmann's alleged refiling of the criminal complaint.

**C. Plaintiff's Claim for Unreasonable Search and Seizure Under the United States Constitution Fails to the Extent it is Based on the Alleged Refiling of the Criminal Complaint**

Though Plaintiff does not reference the refiling of the Criminal Complaint in pleading her unreasonable search and seizure claim under the United States Constitution, Defendants address it here briefly to emphasize that the claim fails to the extent it is based on that alleged action. As set forth in the preceding section, federal courts have little trouble concluding that receipt of a summons is not a seizure within the meaning of the federal Constitution. Thus, to the extent the unreasonable search and seizure claim stated in Plaintiff's Fourth Cause of Action is based on the alleged refiling of the criminal complaint, the claim fails as well.

**D. Plaintiff's Fifth Cause of Action - A Claim for "Negligence" – Is Not Actually Based on Negligent Acts at All, but Rather on Alleged Intentional Acts;  To the Extent This Cause of Action May Be Based on Negligence, It Fails, Because Its Allegations Do Not Fall Within the Law Enforcement Waiver of Immunity Set Forth at Section 41-4-12 of the New Mexico Tort Claims Act**

The New Mexico Tort Claims Act provides "the exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act and no other claim, civil action or proceedings for damages, by reason of the same occurrence, may be brought against a governmental entity or against the public employee. . ." NMSA §41-4-17(A).  In order for Defendant Honigmann to be liable on the "negligence" claim asserted as Plaintiff's Fifth Cause of Action, Plaintiff must show that the claim is within at least one of the eight waivers of governmental immunity set forth in the Act.  In other words, Plaintiff must show that the NMTCA specifically waives immunity for the specific governmental activity alleged to have caused Plaintiff's injury.  See NMSA 1978, §41-4-4(A).

The only waiver of immunity that even conceivably applies is that set forth at Section 41-4-12, which waives immunity for certain enumerated intentional torts committed by law enforcement officers.  It is "well-established that the mere negligence of a law enforcement officer is insufficient to waive the tort immunity granted by Section 41-4-(A) unless such negligence results in one of the torts enumerated in Section 41-4-12 or a deprivation of statutory rights."  *Milliron v. Cnty. of San Juan,* 2016-NMCA-096, ¶ 10; *see also Blea v. City of Espanola,* 1994-NMCA-008, ¶ 12 ("we continue to hold there is no waiver of immunity under Section 41-4-12 for mere negligence of law enforcement officers that does not result in one of the enumerated acts"); *Caillouette v. Hercules, Inc.,* 1992-NMCA-008, ¶ 18 ("[T]he negligence complained of must cause a specified tort or violation of rights; immunity is not waived for negligence standing alone.").

8

Under New Mexico law, negligence claims against law enforcement officers are only allowed to proceed in cases in which the alleged negligence caused *a third party* to commit one of the enumerated intentional torts. *See, e.g., Davis v. Bd. of County Comm'rs,* 1999-NMCA-110, 127 N.M. 785 (no immunity for claim against county for negligent misrepresentation in employment recommendation that allegedly allowed <u>a predatory mental health worker</u> to obtain work in a mental health hospital where he sexually abused the plaintiff); *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't,* 1996-NMSC-021, 121 N.M. 646 (no immunity for officers' negligent failure to forward paperwork and develop policies to prevent the wrongful release of <u>a prisoner</u> who subsequently raped the plaintiff); *Blea v. City of Espanola,* 1994-NMCA-008, 117 N.M. 217 (no immunity where officers negligently failed to detain <u>an intoxicated motorist</u> who subsequently caused a fatal accident); *Ortiz v. N.M. State Police,* 1991-NMSC-031, 112 N.M. 249 (no immunity where officers' negligent supervision and training resulted in <u>subordinates'</u> false arrest, assault, battery and malicious prosecution of plaintiff); *Methola v. Cnty. of Eddy,* 1980-NMSC-145, 95 N.M. 329 (no immunity for officer's negligent failure to protect persons who were harassed, beaten, and physically and sexually assaulted <u>by other inmates</u> while in police custody).   Such is not the case here – Plaintiff does not allege that Defendant Honigmann's negligence caused some third party to commit an intentional tort.

Though it is less than clear, Plaintiff's Fifth Cause of Action includes phrases that sound as though Plaintiff is trying to accuse  Defendant Honigmann of negligence:  "[Honigmann] owed a reasonable duty to the Plaintiff to perform his duties in accordance with proper law enforcement training" *(Amended Complaint, ¶ 62)*;  "breached that duty thereby causing harm to the Plaintiff" *(Amended Complaint, ¶ 63)*;  "Sergeant Honigmann failed to thoroughly investigate the incident" *(Amended Complaint, ¶ 59)*;  "breached his duty by refiling the criminal complaint" *(Amended*

9

*Complaint, ¶* 60). The problem is that none of these claims allege, much less show, that Sergeant Honigmann's alleged negligence caused any third party to commit any intentional tort, which is the only way a *negligence* claim against a law enforcement officer can survive. To the extent Plaintiff's Fifth Cause of Action attempts to assert a claim for negligence, the claim is not within the waiver of immunity set forth at Section 41-4-12, or any other waiver in the Tort Claims Act, and should dismissed with prejudice.[2]

Moreover, even though Plaintiff calls her Fifth Cause of Action one for "Negligence", the factual assertions in the "Statement of Facts" section of her Amended Complaint actually describe *intentional* conduct by Honigmann. It defies logic to claim that a person inflicted a tort both negligently and intentionally. A tort is either intentional or it is not, and Plaintiff's factual allegations repeatedly assert that Sergeant Honigman acted intentionally. *See Amended Complaint, ¶* 19 (alleging complaint was refiled as an act of retaliation); ¶ 20 (alleging complaint was refiled to give the alleged victim an unfair advantage in a separate child custody matter); ¶ 27 (alleging Sergeant Honigman acted maliciously); ¶ 34 (alleging Sergeant Honigman acted with the sole purpose of causing Plaintiff to be restricted); ¶ 39 (alleging Sergeant Honigman "knowingly and intentionally caused a criminal summons to be issued"); ¶ 60 (alleging Sergeant Honigman acted with the intent of causing emotional stress to Plaintiff); ¶ 61 (alleging Sergeant Honigman's actions were "intentional and reckless"). These allegations do not support a claim for negligence. Elsewhere in her Amended Complaint Plaintiff alleges other causes of action against Defendant Honigmann, based on his alleged intentional conduct, that are not the subject of any part of Defendants' motion. Plaintiff's "Negligence" Cause of Action, however, should be

---

[2] Further note that, to the extent this claim may be based on more than mere negligence, it is indistinguishable from and subsumed by Plaintiff's first cause of action for malicious abuse of process, and should be dismissed for that reason as well.

dismissed with prejudice.

    **E. Plaintiff's Seventh Cause of Action - A Claim for Intentional Infliction of Emotional Distress - is Not Within Any Waiver of Immunity Set Forth in the New Mexico Tort Claims Act**

Plaintiff's Seventh Cause of Action attempts to state a claim against Sergeant Honigmann for intentional infliction of emotional distress. Neither the law enforcement waiver of immunity, nor any other provision of the New Mexico Tort Claims Act waives immunity for claims of intentional infliction of emotional distress. *See e.g., Parrish v. City of Clovis,* No. 33,996, 2015 N.M. App. Unpub. LEXIS 241, **1 ,4 (NM. Ct. App. June 9, 2015) (affirming summary judgment on claim of intentional infliction of emotional distress against defendant police department and officer because plaintiff failed to raise any genuine issue that Defendants' immunity was waived for that claim); *Romero v. Otero,* 678 F. Supp 1535, 1540 (D.N.M. 1987) ("The Tort Claims Act does not waive the immunity of law enforcement officers for [the tort of intentional infliction of emotional distress] standing alone as a common law tort."). Plaintiff's Seventh Cause of Action should be dismissed with prejudice.

    **F. Plaintiff's Third Cause of Action - which States a Negligent Hiring, Training and Supervising Claim Against Defendants City of Lovington, Manager Williams, and Chief Rodriguez - Fails Because Plaintiff Has Not Alleged Facts Sufficient to Render the Claim Plausible**

The *only* "fact" Plaintiff alleges in support of her negligent hiring, training and supervision claim is that Defendant Honigmann "ha[d] been the recipient of disciplinary actions in his capacity as a certified police officer with the City of Hobbs." *Amended Complaint, Third Cause of Action, ¶ 51.* The allegation is entirely conclusory, considering it is based on "information and belief" and lacks any supporting facts whatsoever. *See e.g., McCartney v. United States,* 31 F. Supp. 3d 1340, 1345 (D. Utah 2014) (finding allegation made "on information and belief" was "totally conclusory because it completely lack[ed] factual support."). The same is true of Plaintiff's allegation that

11

Defendants Williams and Rodriguez "knew or should of have [sic] known" of Defendant Honigmann's alleged "past disciplinary issues." *Amended Complaint, ¶ 52.* Here again, the allegation is entirely conclusory. Plaintiff does not state any facts to support her vague and conclusory allegation that Defendant Honigmann had "past disciplinary issues", nor any facts supporting her equally conclusory claim that Defendants Manager Williams and Chief Rodriguez knew or should have known of these "past disciplinary issues." As such, Plaintiff has completely failed to state a plausible claim that Defendants City of Lovington, Manager Williams and Chief Rodriguez, negligently hired, trained or supervised Defendant Honigmann.

As for Plaintiff's (again wholly conclusory) claim that Defendants "failed in adequately training and supervising" Defendant Honigmann, Plaintiff again fails to state a single fact showing that this might actually be the case. In addition to lacking any factual support, at least one of the facts Plaintiff alleges actually *undermines* her claim that Defendant Honigmann was inadequately supervised. *Amended Complaint, ¶ 60* (alleging Honigmann was "reprimanded for his actions in filing the first criminal complaint"). Plaintiff has failed to state a plausible claim that Defendants City of Lovington, Manager Williams and Chief Rodriguez negligently hired, trained and supervised Sergeant Honigmann.

### G. Even if Plaintiff has Stated a Plausible Claim for Negligent Hiring, Training and Supervision, the Claim is Redundant as to Manager Williams and Chief Rodriguez

Plaintiff sues City Manager Williams and Chief of Police Rodriguez only in their official capacities. As such, even if Plaintiff has stated a plausible negligent hiring, training and supervision claim against the City of Lovington, the claim is redundant as to Manager Williams and Chief Rodriguez. *See Caption of Amended Complaint.* It is well-settled that official capacity suits are duplicative of suits against the governmental entity and should therefore be dismissed.

*Sims v. Unified Gov't of Wyandotte Cnty/Kansas City, Kan.* 120 F. Supp.2d 938, 945 (D. Kan. 2000) *citing Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir.1991) (upholding dismissal of individual defendants sued in their official capacity in §1983 case); *Cleland v. City of Caney*, No. 96–2338, 1997 WL 49136 (D. Kan. Jan. 24, 1997) (dismissing Title VII claim and §1983 claim against individual defendants named in their official capacity); *Vondrak v. City of Las Cruces*, 2009 WL 1300945, *2 (D. N.M. 2009) (J. Browning) (unpublished opinion) (dismissing claims against the individual defendants in their official capacities as the claim against the City of Las Cruces accomplishes what a claim against the officers in their official capacities would accomplish). Because Plaintiff's claim against Manager Williams and Chief Rodriguez in their official capacities duplicate her claim against the City of Lovington, these claims should be dismissed with prejudice and Defendants Williams and Rodriguez should be dismissed as parties to this action.

WHEREFORE, premises considered, Defendants respectfully request that Plaintiff's first cause of action be dismissed, with prejudice, to the extent it is based solely on Plaintiff's arrest; that her second and fourth causes of action be dismissed, with prejudice, to the extent they are based on the alleged refiling of the Criminal Complaint; that Plaintiff's third, fifth and seventh causes of action be dismissed, with prejudice; that Defendants Williams and Rodriguez be dismissed as parties to this action; and for such other and further relief as the Court deems just and proper.

As per Plaintiff's counsel's email of August 10, 2021, Plaintiff opposes this motion.

                    Respectfully submitted,

                    ATWOOD, MALONE, TURNER & SABIN, P.A.

                    By **Electronically Filed on 08/10/21**
                        Bryan Evans
                        K. Renee Gantert
                        P.O. Drawer 700
                        Roswell, NM 88202-0700
                        (575) 622-6221
                        *Attorneys for Defendants*

I HEREBY CERTIFY that on August 10, 2021, I filed the foregoing instrument electronically through the CM/ECF system, which caused all parties of record to be served by electronic means, as more fully reflected on the *Notice of Electronic Filing*.

*Electronically Filed on 08/10/21*
Bryan Evans