FILED
5th JUDICIAL DISTRICT COURT
Lea County
12/7/2020 10:15 AM
NELDA CUELLAR
CLERK OF THE COURT
Sandy Long

**STATE OF NEW MEXICO**
**COUNTY OF LEA**
**IN THE FIFTH JUDICIAL DISTRICT COURT**

**KARINA TELLO,**

        **Plaintiff,**

**v.**

**PETER HONIGMAN, in his individual capacity**
**and as Sergeant of the Lovington Police Department,**
**CITY OF LOVINGTON, a Municipal Corporation,**
**JAMES R. WILLIAMS, in his Official Capacity**
**As City Manager, and David Rodriguez, in his Official**
**Capacity as Police Chief, City of Lovington.**

        **Defendants.**

**NO:**

D-506-CV-2020-01366

Case assigned to Stone, Michael H.

## COMPLAINT FOR MALICIOUS ABUSE OF PROCESS, FALSE IMPRISONMENT, NEGLIGENCE, NEGLIGENT HIRING, UNREASONABLE SEARCH AND SEIZURE AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**COMES NOW,** Plaintiff, Karina Tello, by and through her attorney, Ross R. Bettis of The

Law Office of Ross Bettis, and for HER cause of action states:

### I. PARTIES

1. That Plaintiff is resident of Lea County, State of New Mexico.

2. That Defendant, Peter Honigman, is a resident of Lea County, New Mexico, and a

certified police officer for the City of Lovington at the time this cause of action arose.

3. Lovington Police Department is a law enforcement entity located in Lovington, Lea

County, New Mexico.

4. That Defendant, City of Lovington, is a municipal Corporation, in the County of

Lea, New Mexico.

5. James R. Williams is a resident of Lea County, New Mexico and an employee of

the City of Lovington, New Mexico.

EXHIBIT 1

6. David Rodriguez is a resident of Lea County, New Mexico and an employee of the City of Lovington, New Mexico.

## II. JURISDICTION

7. This Court has jurisdiction over the parties that are the subject of this litigation due to the fact that all incidents alleged in this matter happened in Lea County, New Mexico and Plaintiff and Defendants are real persons with domiciles in Lea County, New Mexico and employed in Lea County, New Mexico by the City of Lovington, New Mexico. Defendant, City of Lovington, is a municipality located in Lea County, New Mexico.

8. All events subject to the aforementioned complaint happened in Lea County, New Mexico.

9. Venue is proper as the acts complained of in this Complaint occurred in Lea County, New Mexico.

## III. STATEMENT OF FACTS

10. Plaintiff was employed by the Lea County Sheriff's Department as a certified Police Officer at the time of the incident.

11. Defendant, Peter Honigman, was a patrol Sergeant with the City of Lovington Police Department.

12. Plaintiff was off duty at her residence when her former supervisor, Defendant Sergeant Honigman, was the investigative officer of a possible Domestic Violence call on February 4, 2019.

13. Armando Fierro, who lived in the same residence as the Plaintiff made a call to 911 and the Lovington Police Department responded.

14. Plaintiff did not receive any medical attention for any injuries evidenced by her visible bruises and was not questioned by Defendant, Sergeant Honigman, but arrested and incarcerated.

15. The Plaintiff was taken to jail for battery and released after arraignment the next afternoon.

16. The Lovington Police Department assisted the alleged victim with a "standby" pursuant to a "No Contact Order" issued by the "Domestic Violence Court".

17. The charges against Plaintiff were dismissed by the District Attorney's Office on May 17, 2019.

18. Plaintiff filed a formal complaint against Sergeant Honigman with Lieutenant Brandon Walker of the Lovington Police Department on February 19, 2019.

19. On June 3, 2019, Defendant, Sergeant Honigman, in retaliation for the formal complaint filed against him at the Lovington Police Department, refiled by Plaintiff the previous complaint, with no new evidence, against the Plaintiff in the same court **without** the approval of the District Attorney's Office. He wrote "refile" next to the original caption (Criminal Complaint) and submitted it to the Court. See Exhibit 1 and Exhibit 2.

20. Defendant, Sergeant Honigman, knew there was a pending custody battle between Plaintiff and the alleged victim, Armando Fierro, at the time of the refile and used the refiling as a means to give the alleged victim Armando Fierro unfair advantage over the Plaintiff in the child custody matter.

21.  By and through his course of action in refiling the Criminal Complaint in this matter, Defendant Sergeant Honigman knew that the State of New Mexico had dismissed the matter and did not intend to pursue the Criminal Complaint he thereby had no probable cause to bring additional criminal proceedings against the Plaintiff thereby violating her New Mexico Constitutional rights under Article II § 10.

22. Plaintiff received a criminal summons to appear in court and the charges were dismissed again on June 27, 2019.

23. Plaintiff went to the doctor and was diagnosed with insomnia due to PTSD and anxiety and received medication for the diagnosis.

24. Plaintiff was referred to a counselor for mental health issues, anxiety, PTSD, and depression related to this incident.

25. The counselling center was not taking new appointments due to the COVID 19 pandemic and Petitioner remains uncounseled as a result.

## IV. FIRST CAUSE OF ACTION – MALISCIOUS ABUSE OF PROCESS

26. Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

27. Due to his actions and in his supervisory position as Sergeant with the Lovington Police Department, Defendant Sergeant Honigman knew or should have known that his conduct was prohibited and he used his authority as a licensed police officer to act maliciously and abused process in violation of New Mexico Constitution Article II §18.

28. Defendants, David Rodriguez, James Williams and City of Lovington, knew or should have known of the actions taken by its agent, Defendant Sergeant Honigman, and taken steps to correct Sergeant Honigman's actions.

29. Defendants, David Rodriguez, James Williams and City of Lovington, had an obligation in supervising its agents, specifically Defendant Sergeant Honigman and failed in adequately training and supervising their employee.

30. Defendants David Rodriguez and James Williams in their capacity as Lovington Police Chief and City Manager for the City of Lovington as respondeat superiores severally and jointly should be liable for the actions of Defendant Sergeant Honigman.

## V. FALSE IMPRISONMENT

31. Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

32. Due to the refiling of the Criminal Complaint the Magistrate Court in Lovington, New Mexico issued a Criminal Summons for the Plaintiff.

33. A criminal summons acts as a seizure of the Defendant bringing the Defendant within the jurisdiction of the court confining the Defendant under conditions of release to the County of Lea, State of New Mexico and prohibiting the party from free movement guaranteed through New Mexico Constitution.

34. By and through his course of action in refiling the Criminal Complaint in this matter, Defendant Sergeant Honigman as a licensed police officer knew or should have known the procedures of the Court would result in either a criminal summons or a warrant for the arrest of the Plaintiff would be the result of the refiling of the

Criminal Complaint and did so with the sole purpose of causing the person of the Plaintiff to be restricted and thereby falsely imprisoning the Plaintiff .

35. Defendant Sergeant Honigman knew that the State of New Mexico had dismissed the matter and did not intend to pursue the Criminal Complaint and thereby had no probable cause to restrict the movement of the Plaintiff thereby violating her New Mexico Constitutional rights under Article II § 10.

36. Due to the actions of Defendant, Sergeant Honigman, the Plaintiff was falsely imprisoned against her will and without probable cause.

## VI.  THIRD CAUSE OF ACTION-UNREASONABLE SEARCH AND SEIZURE

37. Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

38. In his capacity as a certified police officer for the City of Lovington and in the State of New Mexico, Defendant Sergeant Honigman knew or should have known that a criminal summons is construed as an "arrest" and therefore by refiling the Criminal Complaint would result in the Plaintiff's person to be seized.

39. Defendant, Sergeant Honigman, knew that through his course of action knowingly and intentionally caused a criminal summons to be issued for the Plaintiff thereby resulting in the seizure of the Plaintiff further violating her New Mexico Constitutional rights under Article II § 10 for protections from unreasonable search and seizures.

## VII.  FOURTH CAUSE OF ACTION-NEGLIENCE

40. Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

41. Defendant Sergeant Honigman upon information and belief is believed to have received training in his capacity as a City of Lovington police officer.

42. Defendant Sergeant Honigman failed to properly investigate the incident and had a duty to do so as there was visible bruising to the Plaintiff.

43. Upon information and belief, Defendant Sergeant Honigman was reprimanded for his actions in filing the first criminal complaint in this matter after the Plaintiff filed a complaint with the Lovington Police Department and breached his duty by refiling the criminal complaint.

44. In his capacity as a certified police officer with the City of Lovington, Defendant Sergeant Honigman as part of his duties would include but not be limited to knowing court procedures and policies regarding the filing and refiling of criminal complaints, as well as the results of filing or refiling a criminal complaint in the Fifth Judicial District Magistrate Court in Lovington, New Mexico.

45. As a certified law enforcement officer, Defendant Sergeant Honigman owed a reasonable duty to the Plaintiff to perform his duties in accordance with proper law enforcement training.

46. In failing to follow his training, Defendant Sergeant Honigman breached that duty thereby causing harm to the Plaintiff.

47. As a result of the actions of the Defendant Sergeant Honigman, the refiling of the criminal complaint caused the criminal case against the Plaintiff to be reopened resulting in additional time and expenses associated with having to appear in court.

48. Plaintiff had a reasonable expectation that Defendant Sergeant Honigman would perform his duties in accordance with his required training as a law enforcement officer.

49. The actions of the Defendant Sergeant Honigman were the direct and proximate cause of the damages to the Plaintiff.

## VIII.  FIFTH CAUSE OF ACTION-NEGLIGENT HIRING

50. Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

51.  Upon information and belief Defendant Sergeant Honigman worked with the Hobbs Police Department and transferred to the Lovington Police Department.

52. Upon information and belief, Defendant Sergeant Honigman has been the recipient of disciplinary actions in his capacity as a certified police officer with the City of Hobbs.

53. Defendants James R. Williams and David Rodriguez knew or should of have known about Defendant Sergeant Honigman's past disciplinary issues and despite these disciplinary issues negligently hired Defendant Sergeant Honigman.

54. Defendants James R. Williams and David Rodriguez individually and in their capacity as agents for the City of Lovington and the Lovington Police Department through their negligent actions in hiring of Defendant Sergeant Honigman, contributed to the damages suffered by the Plaintiff.

55. Defendants James R. Williams, David Rodriguez and the City of Lovington should jointly and severally should be liable for the damages suffered by the Plaintiff.

## IX.  SIXTH CAUSE OF ACTION-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56. Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

57. Defendant Sergeant Honigman knew that the Plaintiff and Armando Fierro were in the midst of a custody battle regarding the parties minor child.

58. The actions Defendant Sergeant Honigman in refiling the criminal complaint was outrageous as he knew that the State had already dismissed the original criminal complaint and he had been reprimanded for filing the original criminal complaint.

59. Defendant Sergeant Honigman refiled the criminal complaint in as a result of the Plaintiff filing a complaint against him with the Lovington Police Department with the knowledge that the original criminal complaint had been dismissed and that the filing of the first complaint was inappropriate.

60. Defendant Sergeant Honigman knew that the refiling of the criminal complaint would cause emotional stress on the Plaintiff and did so with the intention of causing emotional stress to the Plaintiff.

61. Due to the intentional and reckless actions of the Defendant Sergeant Honigman, the Plaintiff suffered and continues to suffer from severe emotional distress in the from insomnia, anxiety and post-traumatic stress disorder.

**WHEREFORE**, Plaintiff, demands judgment against the Defendants, jointly and severally, for compensatory damages, including specific damages for the presently unknown amount and medical damages for the emotional distress, embarrassment, anguish, anxiety, pain, mental suffering, indignity, and humiliation Plaintiff has suffered; Plaintiff further demands judgment against each of the defendants jointly and severally for punitive damages in amounts to be proven at trial. Plaintiff further demands judgment against each of the Defendants, jointly and severally, for reasonable attorney fees and costs and for such other relief as the Court deems just and equitable.

Respectfully Submitted by,
**The Law Office of Ross R. Bettis**

Ross R. Bettis, Esq.
Attorney for Plaintiff
726 E. Michigan Drive, Suite 100
Hobbs, New Mexico 88240
(575) 393-7677 Phone
(866) 990-7098 Facsimile

## VERIFICATION

STATE OF NEW MEXICO)
                                      ) ss.
COUNTY OF LEA            )

I, KARINA TELLO, being of lawful age, being first duly sworn, upon oath, depose and state that I am the Plaintiff in the foregoing Civil Compliant for Malicious Abuse of Process, False Imprisonment, Negligence, Negligent Hiring, Unreasonable Search and Seizure and Intentional Infliction of Emotional Distress, that I have read and understand the statements and things therein contained, and that the same are true of my own knowledge, except such as may be made on information and belief, and as to those, I believe them to be true.

Karina Tello

**SUBSCRIBED AND SWORN TO** before me this 31st day of July, 2020, by Karina Tello.



OFFICIAL SEAL
LETICIA MENDOZA
Notary Public
State of New Mexico
My Comm. Expires 10/15/23

Notary Public

My Commission Expires:
October 15, 2023