IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KARINA TELLO,

    Plaintiff,

v.                                                          No. 2:21-CV-00724 WJ/GBW

PETER HONIGMAN, et. al,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss, filed August 10, 2021 (Doc. 3). Plaintiff did not file a response to the Motion to Dismiss. Having reviewed the parties' pleadings and the applicable law, this Court **GRANTS IN PART** and **DENIES IN PART** the motion.

## BACKGROUND

Plaintiff's Complaint alleges two claims of malicious abuse of process, false imprisonment, negligent hiring, unreasonable search and seizure, negligence, and intentional infliction of emotional distress. Plaintiff was a police officer and Defendant Honigman was a patrol Sergeant with the City of Lovington Police Department. On February 4, 2019, Plaintiff was off duty when Defendant Honigman responded to her house for a domestic violence call made by a man who lived there. Plaintiff attached Defendant Honigman's criminal complaint as an exhibit, which states:

- The alleged victim told Defendant Honigman that he had gotten into an argument with Plaintiff and she became violent and started attacking him.

- Defendant Honigman observed red marks under the alleged victim's eye, forehead, center of his chest, and left upper side of his chest.

- The alleged victim recorded the Plaintiff yelling and throwing a Christmas tree onto the floor, causing the ornaments to fall off.

- Plaintiff told Defendant Honigman that she had been arguing with the alleged victim and he threw a picture frame onto the floor. She admitted to getting upset and throwing a lamp onto the floor.

- Plaintiff stated that the alleged victim grabbed her wrist and hit her head.

- Defendant Honigman observed a mark on Plaintiff's left forearm, but did not observe any other marks on her.

- Defendant Honigman concluded that "based upon the statements obtained from [the alleged victim and Plaintiff], the visible signs of multiple injuries to [the alleged victim], the damage to household items in the residence, it was determined that [the Plaintiff] was likely the aggressor and initiated physical contact. [The Plaintiff] had one small mark on her left forearm approximately .5 in size that was barely noticeable. Both parties declined medical attention."

Plaintiff was arrested and incarcerated on the night of this incident. She was released the following afternoon after arraignment. The charges against her were dismissed by the District Attorney's Office on May 17, 2019. Plaintiff bases some of her claims on this "first incident."

The "second incident" that forms the bases for Plaintiff's claims regards Plaintiff filing a formal complaint against Defendant Honigman with the Lovington Police Department on

February 19, 2019 for his behavior as it related to her arrest. Plaintiff asserts that on June 3, 2019, Defendant Honigman refiled the criminal complaint against her in retaliation without any new evidence or the approval of the District Attorney's Office. She alleges that Defendant Honigman did this without probable cause because he knew about her pending custody battle with the alleged domestic violence victim. As a result of the refiling of the complaint, Plaintiff received a criminal summons to appear in court. She states that the charges were again dismissed on June 27, 2019, but it is not clear whether the court or the District Attorney's Office dismissed these charges or whether Plaintiff appeared in court. Plaintiff claims that Defendant was reprimanded for his actions by the Lovington Police Department. She provides that she was subsequently diagnosed with insomnia due to PTSD, anxiety, and depression.

## LEGAL STANDARD

Where the non-moving party does not respond to a motion to dismiss, a court must nevertheless address the merits of the moving party's argument by evaluating the motion and the complaint. *See Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003); *Giummo v. Olsen*, 701 F. App'x 992, 925 (11th Cir. 2017). In considering a motion to dismiss under Fed.R.Civ.P.12(b)(6), the Court considers the complaint as a whole, accepts all well-pled factual allegations as true, and views allegations and reasonable inferences in the light most favorable to the non-moving party. *Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When examining a complaint under Rule 12(b)(6), a court is not bound to

accept legal conclusions, couched as factual allegations, as true. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Iqbal*, 556 U.S., at 678). Accordingly, in examining a complaint under Rule 12(b)(6), a court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.*, at 1191.

## DISCUSSION

### MALICIOUS ABUSE OF PROCESS

As the basis for the first count of malicious abuse of process, Plaintiff asserts that upon responding to the domestic violence call, Defendant Honigman arrested her without probable cause. Defendant's puts forth a brief and categorical argument that a warrantless arrest cannot be the basis for a malicious abuse of process claim. He argues that a warrantless arrest does not involve the requisite element of "use of process *in a judicial proceeding*." The elements of a claim of malicious abuse of process are: 1) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; 2) a primary motive in the use of process to accomplish an illegitimate end; and 3) damages. *Durham v. Guest*, 145 N.M. 694, 701 (2009). The first element may be shown by 1) filing a complaint without probable cause, or 2) an irregularity or impropriety suggesting extortion, delay or harassment, or other conduct formerly actionable under the tort of abuse of process. *Id*.

As it pertains to the first prong, Defendant's vague argument does not mention probable cause nor provide any explanation of how any relevant facts relate to the elements. The Court is not inclined to make his arguments for him. Further, Defendant's argument seems to completely ignore the second prong—a plain reading of which demonstrates that a warrantless arrest could be an "irregularity or impropriety suggesting extortion, delay, or harassment." A warrantless arrest could constitute a "definite act or threat not authorized by the process, or aimed at an

objective not legitimate in the use of the process." *Richardson v. Rutherford*, 109 N.M. 495, 502 (1990); *see also Fleetwood Retail Corp. v. LeDoux*, 142 N.M. 150, 155 (2007) (stating that impropriety can be shown through an act that otherwise indicates the wrongful use of proceedings including "oppressive conduct in connect with the arrest of a person" or "illegal detention" (citation omitted)). Because Defendant's argument is too conclusory and unclear for the Court to parse, his request to dismiss the first count of malicious abuse of process is hereby **DENIED**.

Defendant does not contest Plaintiff's second malicious abuse of process claim which is based on the refiling of the criminal complaint. *See* Doc 54, footnote 1. Thus, that count will also remain intact.

### **FALSE IMPRISONMENT**

Plaintiff asserts that she was falsely imprisoned by Defendant Honigman's arrest of her wherein he ignored the evidence. Defendant does not contest Plaintiff's false imprisonment claim to the extent it is based on her initial arrest. *See* Doc 54, footnote 1. Therefore, the count as it relates to the initial arrest will remain intact.

Plaintiff also appears to argue—albeit unclearly—that Defendant Honigman's refiling of the criminal complaint constituted a false imprisonment. A false imprisonment occurs when a person intentionally confines or restrains another person without consent and with knowledge that he has no lawful authority to do so. *Diaz v. Lockheed Elecs*., 95 N.M. 28, 31-32 (Ct. App. 1980). Plaintiff was not confined or restrained merely on the basis of the filing of a complaint and issuance of summons that did not result in incarceration or a court hearing. It is unclear whether Plaintiff even went to court based on the summons or if the charges were dismissed prior to that date, and Plaintiff did not respond to Defendant's motion to clear up any uncertainty.

To the extent that Plaintiff also asserts the issuance of a summons acts a seizure under the Fourth Amendment which impermissibly confines her under conditions of release and restricts her movement, her argument fails. The issuance of a summons alone does not constitute a seizure under the Fourth Amendment. *See Nielander v. Bd. Of County Comm'rs*, 582 F.3d 1155, 1165 (10th Cir. 2009) (determining that a summons did not constitute a seizure under the Fourth Amendment as it related to a malicious prosecution claim); *see also Tencza v. Koehnke*, 2010 U.S. Dist. LEXIS 165661, at *47 (D.N.M. Mar. 25, 2010) ([A]n individual is not seized under the Fourth Amendment when a police officer issues a criminal summons against her . . . That principle holds true even when the criminal summons results in some limitations on the defendant's activities."); *Britton v. Maloney*, 196 F.3d 24, 29 (1st Cir. 1999); *Dibella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005); *Bielanski v. Cty. Of Kane*, 550 F.3d 632, 642 (7th Cir. 2008). Therefore, Defendant's request to dismiss the false imprisonment count as it relates to the refiling of the criminal complaint is hereby **GRANTED**.

### UNREASONABLE SEARCH AND SEIZURE

Plaintiff argues that her arrest constituted an unreasonable search and seizure. Defendant does not contest this count on that basis, *see* Doc 54, footnote 1, and it will remain intact.

Defendant argues that the refiling of the criminal complaint did not amount to an unreasonable search and seizure, however Plaintiff does not note this second situation in her count. As such, the Court does not feel the need to address Defendant's arguments and his request shall therefore be **DENIED**.

### NEGLIGENCE

Plaintiff asserts that Defendant Honigman was negligent when he failed to thoroughly investigate the domestic violence incident and refiled the complaint in retaliation. Defendant

argues that Defendant Honigman is immune from liability under the New Mexico Tort Claims Act. A public employee while acting within the scope of his duties is granted immunity from liability for any tort unless waived in the NMSA. N.M. Stat. Ann. § 41-4-4(a). Immunity is not waived for negligence of a law enforcement officer unless it results in one of the enumerated torts in § 41-4-12, including false imprisonment and abuse of process both of which are still at issue in this suit. *Milliron v. Cnty. Of San Juan*, 384 P.3d 1080, 1093 (N.M. Ct. App. 2016). However, allegations of negligence based on one of the enumerated torts are appropriate only when the officer's negligence caused a third party to commit one of the intentional acts. *Dickson v. City of Clovis*, 148 N.M. 831, 836-37 (Ct. App. 2010). Plaintiff makes no assertion that Defendant Honigman's alleged negligence caused a third party to commit an abuse of process or false imprisonment. Rather, she claims only that Defendant Honigman's intentional torts resulted in harm to her. Though she claims he failed to investigate the situation leading up to her arrest, she maintains that he acted intentionally and maliciously towards her, rather than out of negligence. Therefore, Defendant's request to dismiss this claim is hereby **GRANTED**.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff asserts that the refiling of the Criminal Complaint was an act of Intentional Infliction of Emotional Distress. However, Intentional Infliction of Emotional Distress is not one of the enumerated torts in the NMSA for which immunity is waived. *See* N.M. Stat. Ann. § 41-4-12. As such, Defendant's request to dismiss Count VII is hereby **GRANTED**.

### NEGLIGENT HIRING (& SUPERVISION)

In her claim for Negligent Hiring (& Supervision), Plaintiff states that Defendant Honigman has been the recipient of disciplinary actions in his capacity as a certified police officer with the City of Hobbs. She alleges that Defendants James R. Williams and David

Rodriguez knew or should have known about Defendant Sergeant Honigman's past disciplinary issues and negligently hired Defendant Sergeant Honigman. Plaintiff also claims Defendants Williams and Rodriguez failed to adequately supervise Defendant Honigman. Defendant claims that Plaintiff did not assert sufficient facts to establish this claim beyond a mere conclusory statement.

Negligent hiring occurs when 1) the employer owes a duty toward the public; 2) the employer knew or should have known that the employee posed a risk of harm to the public; 3) the hiring of the employee was the proximate cause of the plaintiff's injury; and 4) the injury was foreseeable. *Los Ranchitos v. Tierre Grande, Inc*., 116 N.M. 222, 228 (Ct. App. 1993); *Narney v. Daniels*, 115 N.M. 41, 50-1, (Ct. App. 1992). Plaintiff's statement that Defendants "knew or should have known about Defendant Sergeant Honigman's past disciplinary issues" merely restates an element of the claim without providing any "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This does not amount to facial plausibility. Therefore, Defendant's request to dismiss Count III is hereby **GRANTED**.

For these reasons, Defendant's Motion for Summary Judgment (Doc. 3) is hereby **GRANTED IN PART and DENIED IN PART**. Plaintiff's two counts of malicious abuse of abuse remain intact. Plaintiff's false imprisonment claim as it relates to the first incident remains, but is dismissed insofar as it relates to the second incident. Plaintiff's unreasonable search and seizure claim remains. Plaintiff's negligence, intentional infliction of emotional distress, and negligent hiring claims are dismissed.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE