UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**KARINA TELLO,**

      **Plaintiff,**

v.                                                     No. 2:21-cv-00724-WJ-GBW

**PETER HONIGMAN, in his individual capacity and as Sergeant of the Lovington Police Department; CITY OF LOVINGTON, a Municipal Corporation; JAMES R. WILLIAMS, in his official capacity as City Manager; and DAVID RODRIGUEZ, in his official capacity as Police Chief, City of Lovington,**

      **Defendants.**

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

**COME NOW** Defendants, by and through their counsel of record, Atwood, Malone, Turner & Sabin, P.A. (by Bryan Evans and Renee Gantert) and, for their answer to Plaintiff's Amended Complaint, hereby states:

### I. PARTIES

1.  Answering Paragraph 1 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the material factual allegations in said paragraph and therefore deny same.

2.  Defendants admit the material factual allegations in Paragraphs 2, 3, 4, 5 and 6 of the Amended Complaint.

1

## II. JURISDICTION

3. Defendants admit the material factual allegations in Paragraphs 7, 8 and 9 of the Amended Complaint.

## III. STATEMENT OF FACTS

4. Defendants admit the material factual allegations in Paragraphs 10, 11, 13, 18, 19, 27 and 30 of the Amended Complaint.

5. Answering Paragraph 12 of the Amended Complaint, Defendants admit Plaintiff was off duty at her residence when Defendant Honigmann responded there to a domestic violence call on February 4, 2019. The remaining material factual allegations in said Paragraph are denied.

6. Defendants deny the material factual allegations in Paragraphs 14, 20, 21, 22, 28 and 29 of the Amended Complaint.

7. Answering Paragraph 15 of the Amended Complaint, Defendants admit Sergeant Honigmann arrested Plaintiff, but deny the remaining material factual allegations in said paragraph.

8. Answering Paragraph 16 of the Amended Complaint, Defendants admit Plaintiff was taken to jail and incarcerated for battery on household member. Defendants deny the remaining material factual allegations in said paragraph.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the material factual allegations in Paragraphs 17, 23, 24, 25 and 26 of the Amended Complaint and therefore deny same.

## IV. FIRST CAUSE OF ACTION-MALICIOUS ABUSE OF PROCESS

**Count 1**

10. Answering Paragraph 31 of the Amended Complaint, Defendants incorporate by reference their response to all other paragraphs of the Amended Complaint, as though fully set forth herein.

11. Defendants deny the allegations in Paragraphs 32, 33 and 34 of the Amended Complaint.

**Count 2**

12. Answering Paragraph 35 of the Amended Complaint, Defendants incorporate by reference their response to all other paragraphs of the Amended Complaint, as though fully set forth herein.

13. Defendants deny the allegations in Paragraphs 36, 37 and 38 of the Amended Complaint.

## V. SECOND CAUSE OF ACTION - FALSE IMPRISONMENT[1]

14. Answering Paragraph 39 of the Amended Complaint, Defendants incorporate by reference their response to all other paragraphs of the Complaint, as though fully set forth herein.

15. Defendants deny the allegations in Paragraphs 40, 41, 42, 43, 44 and 45 of the Amended Complaint.

## VI. THIRD CAUSE OF ACTION-NEGLIGENT HIRING

16. This claim was dismissed pursuant to the Court's Order [Doc. 9] entered herein on

---

[1] This claim has been dismissed as it relates to the refiling of the criminal complaint. *See Order [Doc. 9], entered herein on October 28, 2021.*

October 28, 2021.  Therefore, Paragraphs 46, 47, 48, 49, 50, 51, 52, 53 and 54 of the Amended Complaint no longer require an answer from Defendants.

### VII. FOURTH CAUSE OF ACTION-UNREASONABLE SEARCH AND SEIZURE

17. Answering Paragraph 55 of the Amended Complaint, Defendants incorporate by reference their responses to all other paragraphs of the Complaint, as though fully set forth herein.

18. Defendants deny the allegations in Paragraph 56.

### VIII. FIFTH CAUSE OF ACTION-NEGLIGENCE

19. This claim was dismissed pursuant to the Court's Order [Doc.9] entered herein on October 28, 2021.  Therefore, Paragraphs 57, 58, 69, 60, 61, 62, 63, 64, 65 and 66 of the Amended Complaint no longer require an answer from Defendants.

### IX. SEVENTH[2] CAUSE OF ACTION-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. This claim was dismissed pursuant to the Court's Order [Doc.9] entered herein on October 28, 2021.  Therefore, Paragraphs 67, 68, 69, 70, 71 and 72 of the Amended Complaint no longer require an answer from Defendants.

21. Plaintiff's Prayer for Relief is denied.

22. Any factual allegations of Plaintiff's Amended Complaint not specifically addressed by the preceding responses are hereby denied.

---

[2] This is actually Plaintiff's Sixth Cause of Action, but for the sake of consistency, Defendants will keep Plaintiff's label.

## FIRST AFFIRMATIVE DEFENSE

23. In one or more respects, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

24. Defendants are entitled to, and hereby invoke the doctrine of qualified immunity on Plaintiff's federal constitutional claims.

## THIRD AFFIRMATIVE DEFENSE

25, One or more of Plaintiff's claims are barred by the New Mexico Tort Claims Act.

## FOURTH AFFIRMATIVE DEFENSE

26. Defendants are entitled to, and hereby invoke, all of the rights, remedies, privileges, caps, immunities and provisions of the New Mexico Tort Claims Act, including but not limited to immunity from any award of exemplary or punitive damages, or attorneys' fees, or for interest prior to judgment.

## FIFTH AFFIRMATIVE DEFENSE

27. Plaintiff may have failed to mitigate her damages.

## SIXTH AFFIRMATIVE DEFENSE

28. Plaintiff may have failed to provide appropriate notice of her alleged claims as required by the New Mexico Tort Claims Act.

## SEVENTH AFFIRMATIVE DFENSE

29. Under the principles of comparative fault and several liability, Defendants are responsible only for their proportionate share of negligence or fault, if any.

30. Defendants reserve their right to amend this Answer to assert any other affirmative defenses that may become applicable and apparent during the course of ongoing investigation and discovery.

**WHEREFORE,** having fully answered Plaintiff's Amended Complaint, Defendants pray that the Amended Complaint and all claims asserted therein be dismissed with prejudice, that Plaintiff take nothing thereby, that Defendants recover their taxable costs incurred, and for such other and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

ATWOOD, MALONE, TURNER & SABIN, P.A.

By _Electronically Filed /s/ Bryan Evans_
    Bryan Evans
    K. Renee Gantert
    P.O. Drawer 700
    Roswell, NM 88202-0700
    (575) 622-6221
*Attorneys for Defendants*

I HEREBY CERTIFY that on November 12, 2021, I filed the foregoing instrument Electronically through the Court's Mandatory Electronic Filing system which caused all parties of record to be served by electronic means, as more fully reflected on the emailed Notice of Electronic Filing received from the Court.

_Electronically Filed /s/ Bryan Evans_
Bryan Evans