IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KARINA TELLO,**
**Plaintiff,**

v.  No. 2:21-CV-00724 WJ/GBW

**PETER HONIGMAN, et. al,**
**Defendants.**

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), counsel conferred via electronic mail on December 21, 2021, and the following attorneys participated:

GUBERNICK LAW, P.L.L.C. (Benjamine Gubernick, Esq.) for Plaintiff, Karina Tello (hereinafter "Plaintiff").

ATWOOD, MALONE, TURNER & SABIN, PA (Bryan Evans and K. Renee Gantert) for Defendants.

## NATURE OF THE CASE

This lawsuit stems from allegations of Malicious Abuse of Process against Defendant, Peter Honigman, of the Lovington Police Department, and an allegation of unreasonable search and seizure from the initial arrest of Plaintiff by Defendant. The first count is based on Defendant Peter Honigmann's arrest of Plaintiff after responding to her residence on a domestic violence call. The second is based on Defendant Honigmann's refiling of criminal charges after the original case was dismissed. Plaintiff contends the refiling of charges was done maliciously, without any new evidence, and without the approval of the District Attorney's Office. Defendants deny Plaintiff's allegations. Following the Court's ruling on Defendants' Motion to

Dismiss, only the following claims remain: two counts of malicious abuse of process, Plaintiff's false imprisonment claim as it relates to the first incident and Plaintiff's unreasonable search and seizure claim. The Court dismissed all other claims and counts from Plaintiff's Amended Complaint.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff does not intend to amend pleading or join additional parties at this time.

Plaintiff should be allowed until January 31, 2022, to move to amend the pleadings and/or to join additional parties in compliance with the requirements of FED. R. CIV. P. 15(a).

Defendants do not intend to amend pleadings or join additional parties at this time.

Defendants should be allowed until February 15, 2022, to move to amend the pleadings and/or join additional parties in compliance with the requirements of FED. R. CIV. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District and that the United States District Court for the District of New Mexico has jurisdiction over the parties and the subject matter.

## PLAINTIFF'S CONTENTIONS

**Plaintiff, Karina Tello:**

Plaintiff contends that the allegations in the operative complaint are true. Plaintiff further contends that Defendants are liable to her for the violations set forth in the operative complaint. Plaintiff further contends that she is entitled to payment of all damages allowed by

applicable state and federal law.

## DEFENDANTS' CONTENTIONS

Defendants deny Plaintiff's allegations. Defendants contend that probable cause supported both Sergeant Honigmann's arrest of Plaintiff and his filing of criminal charges. Additionally, because Sergeant Honigmann did not violate any of Plaintiff's clearly established constitutional rights, he is entitled to qualified immunity. Lastly, Defendants contend that Plaintiff's allegations in support of her malicious abuse of process claims are completely unfounded and unsupported by any evidence. Sergeant Honigmann had reasonable, non-malicious reasons for his actions in this case.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:  The parties wish to utilize written discovery as well as depositions in this matter.

I.  **PLAINTIFF:**

1.  **Witnesses:**  At this stage of the civil case, Plaintiff, Karina Tello, identifies the following witnesses that may be called at trial:

   A.   Karina Tello
        c/o Benjamin Gubernick
        Ben@gubernicklaw.com
        734-678-5169
        10720 W. Indian School Rd.
        Ste. 19 PMB 12
        Phoenix, AZ 85037

   Ms. Tello is expected to testify the events giving rise to this action.

   B.   Peter Honigman

3

Case 2:21-cv-00724-WJ-GBW    Document 13    Filed 12/30/21    Page 4 of 10

        c/o Bryan D. Evans
        K Renee Gantert
        Atwood Malone Turner & Sabin, PA
        PO Drawer 700
        Roswell, NM 88202
        575-622-6221

Peter Honigman may testify about his personal knowledge of the allegations contained in Plaintiff's Complaint.

    C.    James R. Williams
        c/o Bryan D. Evans
        K Renee Gantert
        Atwood Malone Turner & Sabin, PA
        PO Drawer 700
        Roswell, NM 88202
        575-622-6221

James R. Williams may testify to his personal knowledge of the allegations contained in Plaintiff's Complaint.

    D.    David Rodriguez
        c/o Bryan D. Evans
        K Renee Gantert
        Atwood Malone Turner & Sabin, PA
        PO Drawer 700
        Roswell, NM 88202
        575-622-6221

David Rodriguez may testify to his personal knowledge of the allegations contained in Plaintiff's Complaint.

    E.    Brandon Walker
        c/o Bryan D. Evans
        K Renee Gantert
        Atwood Malone Turner & Sabin, PA
        PO Drawer 700
        Roswell, NM 88202
        575-622-6221

Brandon Walker may testify to his personal knowledge about Lovington Police Department's policies and procedures.

    F.    Any and all witnesses identified, listed, or disclosed by Defendants or any other party.

4

    G.      Any witnesses identified during the course of discovery.

    H.      Any witness necessary for foundation, impeachment, or rebuttal, who cannot be anticipated at this time.

    I.      Any expert witness(es) retained by Defendants or any other party.

    J.      Any records custodian known to be necessary to authenticate documents or evidence.

**2. Documents:**

At this time, Plaintiff is gathering any and all documents, data compilations and tangible things that may be used in support of her claims in this case. At this stage, however, Plaintiff identifies the following documents or categories of documents which may be used as exhibits at trial:

    A.      Any and all records or documents which are relevant to the incident which are the subject matter of Plaintiff's Complaint.

    B.      Any other exhibits used in discovery or deposition or listed by Plaintiff or Defendants or later identified by any other party during discovery.

    D.      Any other exhibits used in discovery or deposition or listed by Plaintiff or Defendants, or later identified by any other party during discovery.

**3. Expert Witnesses**

Plaintiff has not yet determined if an expert witness/witnesses will be necessary, but reserves the right to do so at a later date and in accordance with the Court's Scheduling Order.

**II. DEFENDANTS:**

    **1.**    **Witnesses:** At this time, Defendants are unable to determine all witnesses that they may use in support of their claims or defenses in this case. At this stage, however, Defendants identify the following witnesses that may be called at trial:

    A.       Karina Tello
             c/o her attorney, Benjamin Gubernick

             Plaintiff. Ms. Tello is expected to testify regarding the allegations in her Complaint and any other relevant matter of which she has personal knowledge.

    B.       Peter Honigmann
             c/o Bryan Evans
             Renee Gantert
             Atwood, Malone, Turner & Sabin, P.A.
             P.O. Drawer 700
             Roswell, NM 88201
             (575) 622-6221
             bevans@atwoodmalone.com

Defendant. Sergeant Honigmann is expected to testify regarding Plaintiff's allegations against him and any other relevant matter of which he has personal knowledge.

    C.       Armando Fierro
             Current Contact Information Unknown

Witness. Mr. Fierro was living with Plaintiff at the time of her arrest and called for police to respond to his home. He is expected to testify to the events of the day, both before and after police responded to the home and any other relevant matter of which he has personal knowledge.

    D.       Officer Robert Poer
             c/o Bryan Evans
             Renee Gantert
             Atwood, Malone, Turner & Sabin, P.A.
             P.O. Drawer 700
             Roswell, NM 88201
             (575) 622-6221
             bevans@atwoodmalone.com

Witness. Officer Poer was among those who responded to Plaintiff's house on the day of her arrest. He later transported Plaintiff to the Lea County Detention Center. He is expected to testify to the events of the day and any other relevant matter of which he has personal knowledge.

    E.       Gerardo Castaneda
             c/o Bryan Evans
             Renee Gantert

>Atwood, Malone, Turner & Sabin, P.A.
>P.O. Drawer 700
>Roswell, NM 88201
>(575) 622-6221
>bevans@atwoodmalone.com

Witness. Officer Castaneda was among those who responded to Plaintiff's house on the day of her arrest. He is expected to testify to the events of the day and any other relevant matter of which he has personal knowledge.

>F. Officer Turrubiates
>c/o Bryan Evans
>Renee Gantert
>Atwood, Malone, Turner & Sabin, P.A.
>P.O. Drawer 700
>Roswell, NM 88201
>(575) 622-6221
>bevans@atwoodmalone.com

Witness. Officer Turrubiates was among those who responded to Plaintiff's house on the day of her arrest. He is expected to testify to the events of the day and any other relevant matter of which he has personal knowledge.

>G. Any and all witnesses identified, listed, or disclosed by Plaintiff or any other party.
>
>H. Any witnesses identified during the course of discovery.
>
>I. Plaintiff's medical and mental health providers, yet to be identified.
>
>J. Any witness necessary for foundation, impeachment, or rebuttal, who cannot be anticipated at this time.
>
>K. Any expert witness(es) retained by Plaintiff or any other party.
>
>L. Any records custodians as may be necessary to authenticate documents or evidence.

**2. Documents:**

At this time, Defendants are unable to determine all of the documents, data compilations and tangible things that they may use in support of their claims or defenses in this case. At this

stage, however, Defendants identify the following documents or categories of documents which may be used as exhibits at trial:

    C.    Any and all records or documents which are relevant to the incident which are the subject matter of Plaintiff's Complaint.

    D.    Any and all court records, jail records, criminal records, medical records and bills, mental health records and bills, and academic records which are relevant to the injuries and damages sought by Plaintiff in her Complaint.

    E.    Any other exhibits used in discovery or deposition or listed by Plaintiff or Defendants or later identified by any other party during discovery.

    D.    Any other exhibits used in discovery or deposition or listed by Plaintiff or Defendants, or later identified by any other party during discovery.

**3. <u>Expert Witnesses</u>**

Defendants have not yet made a determination concerning expert witnesses but reserve the right to do so at a later date and in accordance with the Court's Scheduling Order.

## DISCOVERY

Discovery will be needed on the following subjects: liability and damages.

The parties request a maximum of 25 interrogatories by each party to any other party (Responses due 30 days after service), a maximum of 25 requests for production by each party to any other party (Responses due 30 days after service), and a maximum of 25 requests for admission by each party to any other party (Responses due 30 days after service).

The parties request a maximum of 10 depositions by Plaintiff and 10 depositions by all Defendants, collectively.  Depositions of parties, Rule 30(b)(6) designees, and experts should be limited to seven (7) hours, and depositions of all other witnesses should be limited to four (4) hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff by April 15, 2022.

    from Defendants by May 17, 2022.

Supplementation under Rule 26(e) due within 30 days after receipt or discovery of information that would supplement or correct a disclosure or response.

All discovery commenced in time to be complete by June 30, 2022.

Discovery motions due by July 15, 2022.

Dispositive pretrial motions and *Daubert* motions due by July 30, 2022.

## PRETRIAL MOTIONS

<u>Plaintiff intends to file:</u> Discovery motions, motions to dismiss, motions for summary judgment, *Daubert* motions (if necessary) and motions in limine.

<u>Defendants intend to file</u>: Discovery motions, motions to dismiss, motions for summary judgment, *Daubert* motions (if necessary) and motions in limine.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 3-5 days.

   _____ This is a non-jury case.

   \_\_\_X\_\_\_\_ This is a jury case.

The parties request a pretrial conference 30 days before trial.

## SETTLEMENT

The possibility of settlement in this case is currently unknown. The parties request a settlement conference after the close of discovery or upon the parties' mutual request.

**EXCEPTIONS**

None.

APPROVED WITHOUT EXCEPTIONS

*/s/ Benjamin Gubernick*
Benjamin Gubernick, Esquire
Gubernick Law, P.L.L.C.
10720 W. Indian School Rd.,
Suite 19, PMB 12
Phoenix, AZ 85037
(734) 678-5169
ben@gubernicklaw.com
*Attorney for Plaintiff*


*/s/ Bryan Evans*
Bryan Evans
Renee Gantert
Atwood, Malone, Turner & Sabin, PA
PO Drawer 700
Roswell, NM 88202-0700
575-622-6221
bevans@atwoodmalone.com
*Attorney for Defendant*