# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

### Before the Honorable Gregory B. Wormuth
### United States Magistrate Judge

### Clerk's Minutes

### 21-cv-724 WJ/GBW

### *Tello v. Honigman et al.*

### Date of Hearing:    1/13/2022
### *(not recorded)*

**Attorney for Plaintiff:**              Benjamin Gubernick


**Attorney for Defendants:**           Bryan D. Evans



**Proceedings**:                        Rule 16 Scheduling Conference

    *Start Time*:                        3:07 p.m.
    *Stop Time*:                         3:21 p.m.
    **Total Time:**                      **14 minutes**

**Clerk**:                              EM

**Notes**:

- The Court made introductions.
- Mr. Evans apologized for appearing late at the conference and explained that he had been in a deposition that had run late.
- The Court accepted Mr. Evans's explanation.
- The Court adopted the following discovery deadlines:

      Discovery ends:                       6/30/2022
      Plaintiff Experts:                    4/15/2022

| Defense Experts: | 5/17/2022 |
| Pretrial Motions: | 8/1/2022 |
| Deadline for Plaintiff to amend/add parties: | 1/31/2022 |
| Deadline for Defendants to amend/add parties: | 2/15/2022 |

- The Court referred the parties to its forthcoming Order Setting Pretrial Deadlines and Briefing Schedule for additional details concerning the pretrial motions deadline, which will be contingent on the timing of any dispositive motions that are filed.
- The Court advised the parties that any pleading amendment proposed after its amendment deadline must satisfy the standards of Federal Rule of Civil Procedure 15 and Federal Rule of Civil Procedure 16.
- The Court noted that the numerical discovery limits proposed in the JSR were set "by each party to any other party" and that there were four Defendants in this case. The Court proposed setting discovery limits on a per-side basis, instead, with a larger numerical limit than what was proposed in the JSR. The Court asked the parties for their opinions.
- Both parties agreed to setting limits on discovery at 50 per side.
- The Court adopted the following discovery limits:

  A maximum of 50 interrogatories per side
  A maximum of 50 requests for production per side
  A maximum of 50 requests for admission per side
  A maximum of 10 depositions per side. Depositions of parties, Rule 30(b)(6) designees, and experts limited to seven (7) hours, and depositions of all other witnesses limited to four (4) hours unless extended by agreement of the parties.

- The Court proposed holding a settlement conference one month before the end of discovery, which would place the settlement conference in May 2022. The Court also offered holding the settlement conference before the disclosure of defense experts, which would place the settlement conference in late April 2022. The Court noted that holding the mediation prior to the close of discovery had the potential to save money for the parties. The Court asked the parties for their opinions.
- Both parties expressed a preference for holding a settlement conference one month prior to the close of discovery.
- The Court proposed the following dates in May 2022: 5/23, 5/25, and if necessary, 5/24. The Court asked the parties whether they preferred to hold the settlement conference by Zoom or in-person.
- The parties agreed to an in-person settlement conference on May 25.

- The Court stated that it would set the settlement conference for **May 25, 2022, at 10:30 a.m. in Las Cruces.**
- The Court informed the parties that, as the date of the mediation approaches, they should inform the Court if they think that the mediation should be rescheduled to a later date in order for the negotiations to be productive.
- The Court informed the parties that it would be prepared to address discovery disputes through informal status conferences as an alternative to lengthy and costly motions practice, and that the parties could take advantage of this option by contacting the Court.  The Court noted that if the parties seek such informal dispute resolution, and it is unsuccessful, they will be permitted to engage in motions practice on the dispute thereafter.  The Court may conduct such informal status conferences telephonically or via a Zoom conference.  To request informal dispute resolution, the parties should send a joint email to wormuthproposedtext@nmd.uscourts.gov that contains the following information: (i) a brief statement of the dispute; (ii) the preferred email address for each individual who will participate and a mobile phone number for at least one member of each party's team; and (iii) the parties' availability for a status conference over the next five (5) business days.
- The Court advised the parties that Local Rule 73.2 permits parties to consent to proceed before the pretrial magistrate judge in dispositive matters, including trial.  The Court emphasized that the decision to consent to proceed before a magistrate judge rests with the parties.  If the parties agree to have the Court move into the presiding role, they must jointly complete and submit the appropriate Form AO 85 (which may be found on the Court's website at https://www.nmd.uscourts.gov/forms) to chambers.
- The Court asked the parties if they had anything else to address.
- There being nothing further, the Court concluded proceedings.